IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODY R. WEAVER-HODGES f/k/a<br>JODY R. WEAVER,<br><br>           Plaintiff,<br><br>   v.<br><br>MEADIA HEIGHTS GOLF CLUB,<br><br>           Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.: 02-CV-3513<br>:<br>:<br>:<br>:<br>:<br>: |

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, by and through its attorneys, hereby submits the following memorandum of law in reply to Plaintiff's Opposition to Defendant's Motion To Dismiss Plaintiff's Amended Complaint.

**I.    Background**

On September 30, 2002, Defendant filed a motion to dismiss Plaintiff's Complaint ("Defendant's Motion") due to two legal insufficiencies: 1) Plaintiff's attempt to claim sex discrimination based on her supervisor's favoritism of his paramour; and 2) Plaintiff's attempts to avoid the exclusivity provision of the Workmen's Compensation Act and state a claim for negligent retention despite her concession that her supervisor's alleged hostility was work-related and directed against a class of individuals.

1

Plaintiff filed an opposition to Defendant's Motion ("Plaintiff's Opposition") on October 29, 2002. Plaintiff's Opposition suffers from two major flaws: 1) it ignores the abundant case law cited in Defendant's Motion establishing that Plaintiff's Complaint must be dismissed; and 2) it mistakenly characterizes the issue before the court as a "notice pleading" issue.

II.     Argument

The principle that paramour favoritism does not constitute sex discrimination is so well established that a retaliation claim based on a belief that paramour favoritism violates Title VII was dismissed as unreasonable by a district court in Sullivan-Weaver v. New York Power Authority, et al., 114 F.Supp. 2d 240 (S.D.N.Y. 2000). Notwithstanding the clarity of this case law, Plaintiff's Opposition largely ignores it. The only case cited in Defendant's Motion that Plaintiff even attempts to distinguish is Hood v. v. Kaplan Educational Center, LTD, 60 F.Supp. 2d 1 (D. Con. 1999). According to Plaintiff, "Hood v. Kaplan . . . sets forth wholly divergent facts including that *plaintiff therein failed to allege that her termination was due to her sex nor did she allege that supervisor's relationship with her replacement was a factor in her termination*." See Plaintiff's Opposition, at 6 (emphasis added).

Plaintiff's analysis is flatly inaccurate. In Hood, the plaintiff alleged that ". . . the defendant has discriminated against the plaintiff in her employment *because of her sex*. . . ." Hood, 60 F.Supp. 2d at *2 (emphasis added). Moreover, although the Hood plaintiff averred that her supervisor did not commence an intimate relationship with the plaintiff's replacement until after the plaintiff's

2

employment was terminated, this fact does not render the facts in Hood "wholly divergent" from the present facts. To the extent that the analysis differs, the present facts are even more compelling of paramour favoritism than were the facts in Hood. In the present case, Plaintiff's supervisor was romantically involved with Plaintiff's replacement at the very time that Plaintiff's supervisor terminated Plaintiff's employment.

Nor does Plaintiff's Opposition address any of the case law cited by Defendant establishing that Plaintiff's tort claim is barred by the exclusivity provision of the Workmen's Compensation Act. Additional discovery cannot undo Plaintiff's concession that "General Manager Patrick Young failed to perform his duties in an expected professional manner. . . for which Plaintiff and her kitchen staff were subjected to rude, abrupt, inappropriate conduct. . . ." See Plaintiff's Complaint, ¶ 47. Under the clear case law holding that work-related disputes and hostility directed at more than one individual fall within the exclusivity provision of the Workmen's Compensation Act, Plaintiff's tort claim cannot survive. See Hammerstein v. Lindsay, 655 A.2d 597, 601 (Pa. Super. Ct. 1995) (where animosity develops because of work-related disputes, PWCA is the exclusive remedy); Hicks v. Arthur, 843 F.Supp. 949 (E.D. Pa. 1994) (finding personal animosity exception of PWCA inapplicable where alleged discrimination was directed at a group of individuals).

Rather than address the relevant case law, Plaintiff attempts to muddle the legal issues by arguing that Plaintiff's complaint survives Defendant's Motion under the notice pleading requirements of the Federal Rules of Civil Procedure.

In taking this position, Plaintiff misses the entire basis of Defendant's Motion. Defendant's Motion does not argue that Plaintiff's Complaint fails to adequately place Defendant on notice of Plaintiff's claims. On the contrary, Defendant agrees that Plaintiff's complaint is quite specific. Although Fed.R.Civ.P. 8(a) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff is bound by the specific facts that she pleads. See Bender v. Suburban Hosp., Inc., 159 F.3d 186, 192 (4th Cir. 1998) (affirming 12(b)(6) dismissal of Title VII claim and emphasizing that plaintiff is bound to allegations); David v. AMR Services Corp., 191 F.R.D. 89 (D. V.I. 2000) (granting defendant's 12(b)(6) motion and finding that plaintiff pleaded himself out of court with admissions regarding his disability claim). When a plaintiff chooses to plead particulars that show that she has no claim, "then [s]he is out of luck – [s]he has pleaded [her]self out of court." Jefferson v. Ambroz, 90 F.3d 1291, 1296 (7th Cir. 1996) (affirming 12(b)(6) dismissal of First Amendment claim).

Applying the law to the facts, Plaintiff has pleaded herself out of court with respect to both her sex discrimination and tort claims. Plaintiff alleges paramour favoritism and hostility by Plaintiff's supervisor against Plaintiff and the entire kitchen staff, regardless of sex.[1] As a matter of law, these allegations cannot

---

[1] Throughout Plaintiff's Opposition, the facts in the Complaint are manipulated in an effort to avoid the legal insufficiency of Plaintiff's claims. For example, Plaintiff's Opposition states that in addition to replacing Plaintiff with his paramour, Plaintiff's supervisor subjected Plaintiff to derogatory comments, insults, ridicule. . . ." See Plaintiff's Opposition, at 5. However, according to Plaintiff's Complaint, Plaintiff and her entire staff, regardless of sex, ". . . were subjected to rude, abrupt, inappropriate conduct, hostility, aggression and assaultive behavior." See Plaintiff's Complaint, ¶ 47. Given Plaintiff's admissions that this conduct was neither directed exclusively at Plaintiff nor at women as a class, this conduct cannot constitute sex discrimination as a matter of law.

constitute sex discrimination, nor can they survive the exclusivity provision of the Workmen's Compensation Act.

### III.     Conclusion

Because Plaintiff is bound by her own allegations, Plaintiff's Complaint must be dismissed in its entirety.

Respectfully submitted,

McALEESE, McGOLDRICK, SUSANIN & WIDMAN, P.C.

Date:              By:_____
                         Daniel J. Brennan
                         Christine N. Shultz
                         Suite 240, Executive Terrace
                         455 South Gulph Road
                         King of Prussia, PA   19406
                         (610) 337-4510

5