IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JODY R. WEAVER-HODGES f/k/a : 
JODY R. WEAVER, :
:
      Plaintiff, :
:
v. : CIVIL ACTION NO.: 02-CV-3513
:
:
MEADIA HEIGHTS GOLF CLUB, :
:
      Defendant. :

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant, by and through its attorneys, hereby submits the following memorandum of law in opposition to Plaintiff's Motion For Leave To Supplement Plaintiff's Response In Opposition To Defendant's Motion To Dismiss.

**I.    Background**

On September 30, 2002, Defendant filed a motion to dismiss Plaintiff's Complaint ("Defendant's motion") due to two legal insufficiencies: 1) Plaintiff's attempt to claim sex discrimination based on her supervisor's favoritism of his paramour; and 2) Plaintiff's attempts to avoid the exclusivity provision of the Workmen's Compensation Act and state a claim for negligent retention despite her concession that her supervisor's alleged hostility was work-related and directed against a class of individuals.

Plaintiff filed an opposition to Defendant's Motion ("Plaintiff's opposition") on October 29, 2002. On January 17, 2003, Plaintiff filed her Motion For Leave To Supplement Memorandum In Further Support Of Plaintiff's Opposition To Defendant's Motion To Dismiss ("Plaintiff's motion"). The premise of Plaintiff's motion is that an opinion issued by the Commonwealth Court of Pennsylvania "definitively addresses the issue whether Plaintiff's claims plead in tort for negligent retention/supervision of an employee fall outside the exclusivity provision of the Pennsylvania Workers' Compensation Act." See Plaintiff's motion, at 1. In fact, the case cited by Plaintiff does not definitively settle any issue, but merely follows a case already cited by Defendant in Defendant's motion finding that the personal animus exception of the Workers' Compensation Act does not bar tort claims based on allegations of sexual harassment that is personal in nature. The case has no relevance to Plaintiff's allegations, which are not personal in nature and do not constitute sexual harassment as a matter of law, and Plaintiff's motion should be denied.

## II.     Argument

Plaintiff's motion is premised on the opinion of the Commonwealth Court of Pennsylvania in Heath v. Workers' Compensation Appeal Board, 811 A.2d 90 (Pa. Commw. 2002). In Heath, the court found that the plaintiff's claim of mental injury based on sexual advances by her co-worker was not barred by the Workers' Compensation Act. The Heath Court based its decision on the following particular facts:

> Claimant bases her claim of mental injury on the acts of sexual harassment which were intentionally directed at her by a fellow

> employee because of reasons personal to him. She does not claim that his actions were directed against her because of her performance or lack of performance as an employee or otherwise because of her position as a parole agent.

See Heath, 811 A.2d at 96. In making its ruling, the Heath Court does not announce any new ruling with broad applicability. Instead, the opinion merely follows existing Pennsylvania case law providing that allegations of sexual harassment personal in nature are not preempted by the exclusivity provision of the Workers' Compensation Act.

The Heath Court primarily relies upon the Pennsylvania Superior Court's decision in Schweitzer v. Rockwell International, 586 A.2d 383 (Pa. Super. 1990). In Schweitzer, the plaintiff alleged harassment of a personal nature, including allegations of unwanted touchings and sexual advances. See Schweitzer, 586 A.2d at 385. Defendant cites to Schweitzer in the memorandum accompanying Defendant's motion and explains that the case is distinguishable because the plaintiff in Schweitzer alleged sexual advances, conduct inherently personal in nature. See memorandum accompanying Defendant's motion, at 12 n.5. The other three opinions cited by the Heath Court similarly involve allegations of sexual advances personal in nature and, therefore, bear no resemblance or applicability to the present case.

The Heath opinion does not address or overrule cases finding that allegations of work-related harassment are barred by the Workers' Compensation Act. See Durham Life Insurance Company v. Evans, 166 F.3d 139 (3rd Cir. 1999) (harassment alleged by plaintiff in sexual harassment case was work-related and barred by the Workers' Compensation Act); Iacono v. Toll

Brothers, Inc., 2001 U.S. Dist. LEXIS 21115 (E.D. Pa. 2001) (same); Dewyer v. Temple University et al., 2001 U.S. Dist. LEXIS 1141 ((E.D. Pa. 2001) (finding personal animosity exception inapplicable because plaintiff complained of reprimands, suspensions, criticisms, and loss of parking privileges, all of which are work-related issues). Nor does it disturb the law providing that harassment directed at a group of people is not personal in nature and falls within the Workers' Compensation Act.  See Hicks v. Arthur, 843 F.Supp. 949 (E.D. Pa. 1994) (finding personal animosity exception of PWCA inapplicable where alleged discrimination was directed at a group of individuals).

Plaintiff's tort of negligent retention is based solely on work-related harassment that Plaintiff alleges was directed at the entire kitchen staff, including Plaintiff.  Plaintiff very specifically alleges that "General Manager Patrick Young failed to perform his duties in an expected professional manner. . . for which Plaintiff and her kitchen staff were subjected to rude, abrupt, inappropriate conduct. . . ."  See Plaintiff's Complaint, ¶ 47.  This alleged paramour favoritism, directed at everyone other than Plaintiff's supervisor's romantic interest, cannot possibly be viewed as harassment "personal in nature."

When a plaintiff chooses to plead particulars that show that she has no claim, "then [s]he is out of luck – [s]he has pleaded [her]self out of court." Jefferson v. Ambroz, 90 F.3d 1291, 1296 (7th Cir. 1996) (affirming 12(b)(6) dismissal of First Amendment claim).  By conceding in her complaint that the alleged conduct was not personal in nature, but instead was work-related and directed towards the entire kitchen staff, Plaintiff has plead herself out of court

4

with respect to her negligent retention claim. The <u>Heath</u> Court, which based its conclusion on a finding of harassment personal in nature, has no applicability to Plaintiff's claims.

### III.     Conclusion

Because the law followed in <u>Heath</u> is already addressed in Defendant's motion and is irrelevant to Plaintiff's claims, Defendant respectfully requests that Plaintiff's motion for leave to supplement be denied and that Plaintiff's complaint be dismissed in its entirety.

Respectfully submitted,

McALEESE, McGOLDRICK, SUSANIN & WIDMAN, P.C.

Date:           By:_____
                Daniel J. Brennan
                Christine N. Shultz
                Suite 240, Executive Terrace
                455 South Gulph Road
                King of Prussia, PA   19406
                (610) 337-4510