IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jody R. Weaver-Hodges f/k/a | : | |
| Jody R. Weaver | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO: 02-CV-3513 |
| Meadia Heights Golf Club, | : | |
| Defendant. | : | |

## ANSWER WITH AFFIRMATIVE DEFENSES

Defendant, Meadia Heights Golf Club ("the Club"), acting by and through its undersigned counsel, hereby answers the averments set forth in the complaint in the above-captioned action.

1. This paragraph contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

2. This paragraph contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

3. This paragraph contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

4. Denied.

5. This paragraph contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

6. This paragraph contains conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

7. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies these averments.

8. Admitted.

9. Denied save it is admitted that Plaintiff's employment as executive chef was terminated effective June 2, 2000.

10. Denied.

11. Denied save it is admitted that Plaintiff is a female.

12. Admitted.

13. Admitted.

14. Denied. By way of further response, the General Manager reports to the Chairman of Defendant's House Committee.

15. Admitted with the clarification that Ms. Murphy's recommendation was approved and ratified by the Compensation and Budget Committees of the Club, and by the Treasurer of the Club.

16. Denied saved it is admitted that Plaintiff's compensation was increased during her employment with Defendant.

17. Denied save it is admitted that Betty Murphy separated from employment with Defendant in January of 1999, and Patrick Young was hired as General Manager of the Club in or around March 1999.

18. Denied. By way of further response, Young concluded that Plaintiff's overall performance was deficient after evaluating her for a period of time, and Young communicated his concerns regarding Plaintiff's employment to her as early as April 1999.

19. Denied.

20. Denied as stated. Anthony Herr was hired by the Club as a cook effective April 27, 1999 at a rate of $9.75 per hour.

21. Denied as stated. Several months after Herr was hired by the Club, Young and Herr commenced a personal relationship.

22. Denied.

23. Denied.

24. Denied save it is admitted that Plaintiff arrived at work on June 2, 2000 and that Young informed Plaintiff that her employment was terminated.

25. Denied. To the contrary, Plaintiff was advised on numerous occasions of her performance deficiencies.

26. Denied. To the contrary, Plaintiff's position with the Club was not filled after her termination of employment.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

33. Denied.

34. Denied as stated. By way of further response, Defendant denies any implication that Plaintiff ever requested recusement or that there was any bias or prejudice in the PHRC's handling of Plaintiff's complaint.

35. Denied.

36. This paragraph contains conclusions of law to which no response is required. To the extent a response is required, Defendant only admits that a Right to Sue letter was issued and the remaining allegations are denied.

37. Denied.

## COUNT I

38. Defendant incorporates by reference its responses to paragraphs 1-37 as though fully set forth herein.

39. Denied.

40. Denied.

**WHEREFORE,** Defendant requests this Court to enter judgment in its favor and against Plaintiff and order that Plaintiff's Complaint be dismissed in its entirety and award Defendant all costs, attorney's fees, and any and all other relief deemed appropriate by this Court.

## COUNT II

41. Defendant incorporates by reference its responses to paragraphs 1-40 as though fully set forth herein.

42. Denied.

43. Denied.

**WHEREFORE,** Defendant requests this Court to enter judgment in its favor and against Plaintiff and order that Plaintiff's Complaint be dismissed in its entirety and award Defendant all costs, attorney's fees, and any and all other relief deemed appropriate by this Court.

## COUNT III

44. Defendant incorporates by reference its responses to paragraphs 1-43 as though fully set forth herein.

45. Defendant only admits that Defendant later discharged General Manager Young. Regarding the remaining allegations, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies the same.

46. Denied.

47. Denied.

48.     Denied.

49.     Denied.

**WHEREFORE,** Defendant requests this Court to enter judgment in its favor and against Plaintiff and order that Plaintiff's Complaint be dismissed in its entirety and award Defendant all costs, attorney's fees, and any and all other relief deemed appropriate by this Court.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Defendant had a legitimate non-discriminatory reason for terminating Plaintiff's employment.

3. Plaintiff was not meeting the minimum requirements of her position at the time that Defendant terminated her employment.

4. Defendant terminated Plaintiff's employment due to Plaintiff's poor work performance.

5. Any preferential treatment accorded to Tony Herr by Patrick Young resulted from Herr's personal relationship with Young, not from Herr's status as a male.

6. Plaintiff's claims may be barred in whole or in part by applicable statutes of limitations or by the doctrines of laches, estoppel, waiver, and Plaintiff's own unclean hands.

7. Plaintiff has failed to mitigate her damages.

8. Plaintiff cannot recover punitive damages as a matter of law for some or all of her claims.

9. Plaintiff never complained of harassment during her tenure as an employee.

10. Count III of Plaintiff's complaint is barred by the Pennsylvania Workmen's Compensation Act.

11. Count III of Plaintiff's complaint is preempted by the Pennsylvania Human Relations Act.

**WHEREFORE**, Defendant requests that this Court enter judgment in its favor and against the Plaintiff dismissing the Complaint in its entirety with prejudice and awarding to Defendant all costs, attorney's fees, and any and all other relief deemed appropriate by this Court.

Respectfully submitted,

McALEESE, McGOLDRICK, SUSANIN & WIDMAN, P.C.

Date: _____      By: _____

Daniel J. Brennan
Christine N. Shultz
Suite 240 - Executive Terrace
455 South Gulph Road
King of Prussia, PA   19406
610-337-4510

## **CERTIFICATE OF SERVICE**

I, Christine N. Shultz, Esquire, do hereby certify that on this____day of August, 2003, I caused a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Complaint via U.S. Mail, first class postage prepaid, to be served upon the following:

>Nina B. Shapiro, Esq.
>Suite 201
>53 N. Duke Street
>Lancaster, PA 17602
>
>Attorneys for Plaintiff

_____
Christine N. Shultz